IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-5-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WALTER FRANK INGRAM, JR. ) | |

This matter is before the Court on defendant's motion requesting early termination of his term of supervised release. The government has responded, and the matter is ripe for ruling.

Ingram was sentenced by this Court to a term of ninety-seven months' imprisonment and a term of four years of supervised release after he pleaded guilty to drug and firearm offenses. [DE 58]. Ingram was released from custody and commenced serving his term of supervised release on May 19, 2016. [DE 70]. Ingram filed a motion requesting early termination of his term of supervised release on March 19, 2018. [DE 72]. Ingram contends that he has maintained two full-time jobs, has paid all fines, and has completed everything that was requested of him. He has passed his polygraph tests, completed his treatment and therapy classes, and has successfully petitioned to be removed from the state sex offender registry. Ingram states that he would like to be released from supervision so that he can be all that he can be and enjoy life with his family and children. The government opposes the request for early termination, noting that Ingram's probation officer stated that his office would not be in a position to recommend early termination of supervised release due to Ingram's moderate risk level. [DE 75].

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant" after the defendant has served one year of supervised release

provided that certain conditions are met. First, the Court must consider certain factors set forth in 18 U.S.C. § 3553. Second, the Court may terminate supervised release only "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Section 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("The conjunction 'and' used in the statute . . . clearly indicates that a district court must conclude that the early termination of supervised release is warranted by both the individual's conduct and also by the interest of justice.").

Although the Court recognizes that mere compliance with the terms of supervised release is insufficient to warrant early termination, *see Folks v. United States*, 733 F. Supp.2d 649, 652 (M.D.N.C. 2010) (collecting cases), after considering the requisite factors in § 3553(a), the Court finds that early termination is warranted in this instance. Ingram's conduct since his release, including maintaining steady employment, refraining from further criminal conduct,[1] satisfying his financial obligations, and successfully completing sex offender specific treatment and being removed from the state sex offender registry demonstrates that the goals of supervised release have been satisfied. Indeed, Ingram's maintaining two jobs is a notable departure from his sporadic employment history, and the Court is persuaded that Ingram has sufficiently turned his life around to warrant early termination. *See United States v. Rentas*, 573 F. Supp. 2d 801, 802 (S.D.N.Y. 2008) (steady employment and stable family life weigh in favor of early termination of supervised release); *see also United States v. Etheridge*, 999 F. Supp. 2d 192, 197 (D.D.C. 2013).

---

[1] Ingram's probation officer noted that one urinalysis test in May 2017 was positive for codeine and morphine. [DE 75 at 2 n. 1].

At this time, Ingram has completed two years of supervised release without serious incident, and the Court has determined that further supervision would not be in the interest of justice. The motion for early termination is therefore GRANTED.

SO ORDERED, this **15** day of June, 2018.

                                    *Terrence Boyle*
                                    TERRENCE W. BOYLE
                                    UNITED STATES DISTRICT JUDGE